**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. |
| SWEPORTS, LTD., UMF CORPORATION, | ) | |
| GEORGE CLARKE, CHRISTOPHER LEISNER, | ) | |
| LEE ABRAMS, and TINA WHITE. | ) | |
| | ) | |
| Defendants. | | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, Hartford Casualty Insurance Company ("Hartford") by its attorneys, Michael J. Duffy and Abigail E. Rocap of Tressler LLP and Patrick J. Sullivan and Kevin A. Titus of Litchfield Cavo LLP, and for its Complaint for Declaratory Judgment against the Defendants Sweports, Ltd., UMF Corporation, George Clarke, Christopher Leisner, Lee Abrams, and Tina White, states as follows:

**STATEMENT OF THE CASE**

1.     This action seeks a declaration, pursuant to 28 U.S.C. §2201, that Hartford owes no insurance coverage obligations to Sweports, Ltd., UMF Corporation, George Clarke, and Christopher Leisner under policies of insurance issued by Hartford to Defendant UMF Corporation ("UMF") in connection with a lawsuit filed against Sweports, Ltd., UMF, George Clarke, and Christopher Leisner styled, *Lee Abrams, et al*., *v. George Clarke, et al.*, Case No. 15-CH-16252 (Circuit Court of Cook County, Illinois, County Department, Chancery Division) ("*Abrams* Lawsuit" or "Underlying Action").

**PARTIES**

2.      Hartford is an insurance company formed under the laws of the State of Connecticut, with its principal place of business in Connecticut.  Hartford conducts business in Illinois and within the geographical boundaries of this District.

3.      Defendant Sweports, Ltd. ("Sweports") is a Delaware corporation with its principal place of business in Illinois.  Sweports conducts business within the geographical boundaries of this District.

4.      UMF is an Illinois corporation with its principal place of business in Illinois.  UMF conducts business within the geographical boundaries of this District.

5.      Defendant George Clarke ("Clarke") is a citizen of Illinois and a resident of this District.

6.      Defendant Christopher Leisner ("Leisner") is a citizen of Illinois and a resident of this District.

7.      Defendant Lee Abrams ("Abrams") is a citizen of Illinois and a resident of this District.  Abrams is joined solely as an interested party to be bound by the judgment herein.

8.      Defendant Tina White ("White") is a citizen of Illinois and a resident of this District.  White is joined solely as an interested party to be bound by the judgment herein.

**JURISDICTION AND VENUE**

9.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

10.     Venue is proper in this District pursuant to 28 U.S.C. §1391 as the case concerns insurance policies issued in this District to UMF and the parties reside and/or conduct business in this District.

## BACKGROUND

11.     The *Abrams* Lawsuit is a shareholder derivative action brought by Abrams and White who allegedly were and are minority shareholders of Sweports.  A copy of the complaint filed in the *Abrams* Lawsuit is attached hereto as Exhibit A.

12.     The *Abrams* Lawsuit alleges that Sweports is a holding company that owns intellectual property rights to a technology known as PerfectClean.  Ex. A, ¶19.

13.     The *Abrams* Lawsuit alleges that UMF is a subsidiary of Sweports and has the exclusive right to use the PerfectClean technology and trademarks. Id. at ¶20.

14.     The *Abrams* Lawsuit alleges that Clarke is Sweports' CEO, President, sole director and majority shareholder and UMF's CEO, President, and one of its directors. Id. at ¶14.

15.     The *Abrams* Lawsuit alleges that Leisner is UMF's CFO and one of its directors. Id. at ¶15.

16.     The *Abrams* Lawsuit alleges that by late 2007, Clarke began developing a new cleaning technology that, if successful, could dramatically reduce the value of PerfectClean.  Id. at ¶¶42, 50.

17.     The *Abrams* Lawsuit alleges that in order to further develop this new cleaning technology, in January 2008 Clarke and Leisner formed a new company, C2C Innovations, LLC. Id. at ¶¶61-61.

18.     The *Abrams* Lawsuit alleges that Clarke and Lesiner used their positions and control over Sweports and UMF to divert funds from UMF to C2C to fund C2C's efforts to develop the new cleaning technology and fraudulently concealed their activities. Id. at ¶¶ 87, 146-150.

19.     The *Abrams* Lawsuit alleges that Clarke and Leisner breached their fiduciary duties owed to Sweports and/or UMF and asserts several claims relating to those breaches, as well as a fraud claim against Clarke and civil conspiracy claim against Clarke and Leisner.

20.     Clarke and Leisner tendered the *Abrams* Lawsuit to Hartford requesting defense and/or indemnification under the policies referenced below.

21.     Hartford denies any obligation to provide Sweports, UMF, Clarke, and/or Leisner with a defense and/or indemnification in connection with the *Abrams* Lawsuit.

22.     An actual controversy exists between the parties concerning the parties' rights and obligations with respect to coverage for the claims in the *Abrams* Lawsuit under the insurance policies at issue, and pursuant to 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

**THE HARTFORD POLICIES**

23.     Hartford issued the following policies to UMF:

- a general liability policy bearing No. 83 SBA PM5208, effective from June 1, 2006 through June 1, 2007.

- a general liability policy bearing No. 83 SBA UR0383, effective from June 1, 2007 through June 1, 2008.

- a general liability policy bearing No. 83 SBA UR0383, effective from June 1, 2008 through June 1, 2009.

- a general liability policy bearing No. 83 SBA UR0383, effective from June 1, 2009 through June 1, 2010.

(the "Hartford Policies").  Copies of these policies are attached hereto as Exhibits B, C, D, and E,

respectively.

24.    Subject to all of its terms, the Business Liability Coverage in the Hartford Policies

provides, in part, as follows:

**BUSINESS LIABILITY COVERAGE FORM**

\*        \*        \*

**A.    COVERAGES**

**1.    BUSINESS LIABILITY COVERAGE (BODILY INJURY, PROPERTY DAMAGE, PERSONAL AND ADVERTISING INJURY)**

**Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury," "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury," "property damage" or "personal and advertising injury" to which this insurance does not apply.

\*        \*        \*

b.    This insurance applies:

(1)    To "bodily injury" and "property damage" only if:

(a)    The "bodily injury" or "property damage" is caused

by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period; and

\*　　\*　　\*

(2) To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

\*　　\*　　\*

**B.    EXCLUSIONS**

**1.    Applicable to Business Liability Coverage**

This insurance does not apply to:

**a.    Expected Or Intended Injury**

(1) "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property; or

(2) "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".

\*　　\*　　\*

**k.**     **Damage To Property**

"Property damage" to:

\*      \*      \*

(4)      Personal property in the care, custody or control of the insured;

\*      \*      \*

**l.**     **Damage To Your Product**

"property damage" to "your product" arising out of it or any part of it.

\*      \*      \*

**n.**     **Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

\*      \*      \*

(2)      A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

\*      \*      \*

**C.**     **WHO IS AN INSURED**

1.      if you are designated in the Declarations as:

\*      \*      \*

d.      An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are

also insureds, but only with respect to their liability as stockholders.

\*　　　\*　　　\*

**G.　LIABILITY AND MEDICAL EXPENSES DEFINITIONS**

\*　　　\*　　　\*

5.　"Bodily injury" means physical:

a.　Injury;

b.　Sickness; or

c.　Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

\*　　　\*　　　\*

9.　"Executive officer" means a person holding any of the officer positions created by your charter, constitution, by-laws or any other similar governing document.

\*　　　\*　　　\*

11.　"Impaired property" means tangible property other than 'your product" or "your work", that cannot be used or is less useful because:

a.　It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.　You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

a.　The repair, replacement, adjustment or removal of "your product" or "your work"; or

8

b. Your fulfilling the terms of the contract or agreement.

\* \* \*

16. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

17. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that the person occupies, committed by or on behalf of its owner landlord, or lessor;

d. Oral, written or electronic publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral, written or electronic publication of material that violates a person's right of privacy;

f. Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

g. Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; or

h. Discrimination or humiliation that results in injury to the feelings or reputation of a natural person.

\* \* \*

20.    "Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of "occurrence" that caused it.

*        *        *

24.    "Your product":

a.    Means:

(1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)    You;

(b)    Others trading under your name; or

(c)    A person or organization whose business or assets you have acquired; and

(2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

b.    Includes:

(1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product";

(2)    The providing of or failure to provide warnings or instructions.

      c.      Does not include vending machines or other property rented to or located for the use of others but not sold.

See Exs. B-E, Form SS 00 08 04 05.

25.      The Umbrella Liability Coverage in the Hartford Policies provides, in part, as follows:

**UMBRELLA LIABILITY PROVISIONS**

\*      \*      \*

**SECTION I - COVERAGES**

**INSURING AGREEMENTS**

**A.**      **Umbrella Liability Insurance**

1.      We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies caused by an "occurrence". But, the amount we will pay as "damages" is limited as described in **Section IV — LIMITS OF INSURANCE.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II -- INVESTIGATION, DEFENSE, SETTLEMENT**.

2.      This insurance applies to "bodily injury", "property damage" or "personal and advertising injury" only if:

a.      The "bodily injury", "property damage" or "personal and advertising injury" occurs during the policy period; and

\*      \*      \*

B.  **Exclusions**

This policy does not apply to:

\*    \*    \*

4.  **Personal and Advertising Injury**

"Personal and advertising injury"

**EXCEPTION**

This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury".

\*    \*    \*

10.  **Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

\*    \*    \*

12.  **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured arising out of:

\*    \*    \*

2.    A delay or failure by your or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

\*    \*    \*

14.  **Expected or Intended**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

This exclusion does not apply to "bodily injury" or "property damage" resulting from the use of reasonable force to protect persons or property.

\*     \*     \*

**SECTION III – WHO IS AN INSURED**

A.      If you are doing business as:

\*     \*     \*

      4.      An organization other than a partnership, joint venture or limited liability company, you are an "insured." Your "executive officers" and directors are "insureds," but only with respect to their duties as your officers or directors. Your stockholders are also "insureds," but only with respect to their liability as stockholders.

\*     \*     \*

**SECTION VII - DEFINITIONS**

**Except as otherwise provided in this section or amended by endorsement, the words or phrases that appear in quotation marks within this policy shall follow the definitions of the applicable "underlying insurance" policy.**

\*     \*     \*

F.      **"Occurrence"** means:

      1.      With respect to "bodily injury" or "property damage", an "accident", including continuous or repeated exposure to substantially the same general harmful conditions; and

      2.      With respect to "personal and advertising injury", an offense described in one of the numbered subdivisions of that definition in the "underlying insurance."

G.      **"Policy period"** means the period beginning with the inception date stated as such in the Declarations and ending with the earlier of:

      1.      The date of cancellation of this policy; or

      2.      The expiration date stated as such in the Declarations.

*      *      *

I.      **"Underlying insurance"** means the insurance policies listed in the Extension Schedule of Underlying Insurance Policies, including any renewals or replacements thereof, which provide the underlying coverages and limits stated in the Schedule of the Underlying Insurance Policies.

*      *      *

Exs. B-E, Form SX 80 02 04 05.

26.      By endorsement, the Umbrella Liability Coverage in the Hartford Policies[1] is amended, as follows:

This policy does not apply to "property damage" to personal property:

*      *      *

---

[1] The policy in effect from June 1, 2009 through June 1, 2010 is amended and provides as follows:

"**Damages**" means a monetary award, monetary settlement or monetary judgment.

The following are not considered "damages" are not covered by this policy:

1.      Fines, penalties, sanctions or taxes;

2.      Attorney's fees and costs associated with any non-monetary relief awarded against the "insured"; or

3.      Any monetary award, monetary settlement or monetary judgment for which insurance is prohibited by the law(s) applicable to the construction of this policy.

Ex. E, Form SX 02 04 10 08.

3.      In the care, custody or control;

Of any "insured" or as to which any "insured" is for
any purpose exercising physical control.

Exs. B-D, Form SX 21 04 06 97.

27.     The Umbrella Liability Coverage in the Hartford Policies is further amended by

endorsement as follows:

"**Damages**" do not include:

1.      Fines;

2.      Penalties; or

3.      Damages for which insurance is prohibited by the law
applicable to the construction of this policy.

Subject to the foregoing, "damages" include damages for any of
the following, which result at any time from "bodily injury" to
which this policy applies:

1.      Death;

2.      Mental anguish;

3.      Shock;

4.      Disability; or

5.      Care and loss of services or consortium.

Exs. B-D, Form SX 02 04 03 00.

## COUNT I
### No "Bodily Injury" Caused by an "Occurrence"

28.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27

above as if fully set forth herein.

15

29.     Subject to all of their terms, the Hartford Policies provide coverage for claims for "damages" because of "bodily injury" caused by an "occurrence" as those terms are defined and used in the Hartford Policies.

30.     The *Abrams* Lawsuit does not allege claims for "damages" because of "bodily injury" caused by an "occurrence."

31.     Therefore, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

## COUNT II
### No "Property Damage" Caused By an "Occurrence"

32.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

33.     Subject to all of their terms, the Hartford Policies provide coverage for claims for "damages" because of "property damage" caused by an "occurrence" as those terms are defined and used in the Hartford Policies.

34.     The *Abrams* Lawsuit does not allege claims for "damages" because of "property damage" caused by an "occurrence."

35.     Therefore, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.      Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.      For all such just and equitable relief, including costs for this suit.

<u>**COUNT III**</u>
**No "Personal and Advertising" Injury**

36.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

37.     Subject to all of their terms, the Hartford Policies provide coverage for claims for "damages" because of "personal and advertising injury" as that term is defined by the Hartford Policies.

38.     The *Abrams* Lawsuit does not allege claims for "damages" because of "personal and advertising injury" as those terms are defined and used in the Hartford Policies.

39.     Therefore, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for such claims in the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.      Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.      For all such just and equitable relief, including costs for this suit.

<u>**COUNT IV**</u>
**Expected or Intended Exclusion Precludes Coverage**

40.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

17

41.     The Hartford Policies preclude coverage for claims for "damages" because of "bodily injury" or "property damage" expected or intended from the standpoint of the insured and for "personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting the injury.

42.     Even if the *Abrams* Lawsuit concerned claims for damages because of "bodily injury", "property damage" or "personal and advertising injury" offenses, which is not the case, the claims would fall within the Expected or Intended Exclusion.

43.     Thus, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

**COUNT V**
**Care, Custody or Control of the Insured Exclusion Precludes Coverage**

44.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

45.     The Hartford Policies preclude coverage for claims for "property damage" to personal property in the care, custody or control of the insured.

46.     Even if the *Abrams* Lawsuit concerned claims for damages because of "property damage", which is not the case, the claims would fall under the Care, Custody or Control Exclusion.

18

47.     Thus, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.      Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.      For all such just and equitable relief, including costs for this suit.

<u>**COUNT VI**</u>
**Damage to "Your Product" Exclusion Precludes Coverage**

48.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

49.     The Hartford Policies preclude coverage for claims for "property damage" to "your product".

50.     To the extent, if any, that there is any allegation of "property damage" to anything which qualifies as "Your Product" in the *Abrams* Lawsuit, which is not the case, the claims would fall under the Damage to Your Product Exclusion.

51.     Thus, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.      Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.      For all such just and equitable relief, including costs for this suit.

19

## COUNT VII
**Damage to "Impaired Property" or Property That Has Not Been Physically Injured Exclusion Precludes Coverage**

52.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

53.     The Hartford Policies preclude coverage for claims for "property damage" to "impaired property" or property that has not been physically injured which arise out of a delay or failure to perform a contract or agreement.

54.     To the extent, if any, that there is any allegation of "property damage" to anything which qualifies as "impaired property", or property that has not been physically injured  in the *Abrams* Lawsuit, which is not the case, the claims would fall under the Damage to Impaired Property or Property That Has Not Been Physically Injured Exclusion.

55.     Thus, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

## COUNT VIII
**No Coverage for Persons or Entities Who are Not an Insured**

56.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

57.     Even if the *Abrams* Lawsuit concerned claims for damages because of "bodily injury", "property damage" or "personal and advertising injury" offenses, which is not the case,

subject to all of their terms, the Hartford Policies provide coverage for those sums that an insured becomes legally obligated to pay as damages.

58.     Clarke, Sweports, and Leisner are not Named Insureds and do not otherwise qualify as insureds under the Hartford Policies.  Therefore, Hartford has no duty to defend or indemnify Clarke, Sweports, or Leisner under the Hartford Policies.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.     Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

**COUNT IX**
**Personal and Advertising Injury Exclusion Precludes Coverage**

59.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

60.     The Umbrella Liability Provision of the Hartford Policies preclude coverage for "personal and advertising injury," subject to an exception if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury".

61.     Because the *Abrams* Lawsuit does not allege claims for covered "personal and advertising injury" under the primary coverage, coverage for any "personal and advertising injury" is excluded under the Umbrella Liability Provision of the Hartford Polices.

62.     Accordingly, Hartford has no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for the claims in the *Abrams* Lawsuit under the excess umbrella coverage.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.   Finding that Hartford owes no duty to defend or indemnify Sweports, UMF, Clarke, and Leisner for all claims in the *Abrams* Lawsuit; and

B.   For all such just and equitable relief, including costs for this suit.

## COUNT X
### "Damages"

63.   Plaintiff incorporates and restates the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

64.   The definition of "damages" in the umbrella coverage does not include fines and/or penalties.

65.   The *Abrams* Lawsuit seeks, in part, an accounting, imposition of a constructive trust, punitive damages, and reasonable attorneys' fees, which are not covered "damages" under the Hartford Policies and Illinois law.

66.   Therefore, Hartford owes no coverage for this relief in the *Abrams* Lawsuit.

WHEREFORE, Plaintiff, Hartford, prays that this Court enter judgment in its favor:

A.   Finding that Hartford owes no coverage obligations to Sweports, UMF, Clarke, and Leisner for the punitive damages claimed in the *Abrams* Lawsuit; and

B.   For all such just and equitable relief, including costs for this suit.

Respectfully Submitted:


By:  /s/ Michael J. Duffy
          One of the Attorneys for Hartford Casualty
          Insurance Company

Michael J. Duffy
Abigail E. Rocap
Tressler LLP
233 S. Wacker Drive
22nd Floor
Chicago, IL 60606
(312) 627-4000
(312) 627-1717 (fax)

Patrick J. Sullivan
Kevin A. Titus
Litchfield Cavo LLP
303 W. Madison
Suite 300
Chicago, Illinois 60606
312-781-6677
(312) 781-6630 (fax)

CHICAGO1-#657638-v2-Abrams_DJ_Complaint.DOCX

23